COMMONWEALTH *vs.* JOSHUA PECKHAM.

An allegation, in an indictment, of an unlawful sale of intoxicating liquor, is supported by proof of such a sale of gin, without proof that gin is intoxicating.

It is not necessary, in order to support an indictment on *St.* 1852, c. 322, § 7, for an unlawful sale of intoxicating liquors, to prove that no action of debt or other concurrent remedy, provided by that statute, has been brought to recover the same penalty.

INDICTMENT on *St.* 1852, c. 322, § 7, containing several counts, each of which charged the defendant with a single unlawful sale of intoxicating liquor. Trial in the court of common pleas, before *Perkins*, J. to whose rulings the defendant alleged exceptions.

At the trial, the defendant asked the court to instruct the jury that the Commonwealth, in order to sustain the indictment, must prove that the liquor sold was intoxicating; and that proof that the defendant sold gin was not sufficient evidence to sustain a charge of a sale of intoxicating liquor, without proof of the qualities of the article sold. But the judge ruled " that it was necessary for the Commonwealth to prove that the article alleged to have been sold was intoxicating ; but that if the arti-

cle sold was gin, the jury might infer that it was intoxicating, without any evidence other than that of its properties or qualities."

The defendant also asked the court to instruct the jury that the attorney for the Commonwealth, in order to sustain the charges in the indictment, must show that no action of debt or other concurrent remedy, provided in the statute for the recovery of penalties, had been commenced, before the finding of the indictment, for the sales charged therein. But the judge instructed the jury that it was not necessary for the Commonwealth to offer evidence upon that point.

*E. W. Kimball,* for the defendant.

*J. H. Clifford,* (Attorney General,) for the Commonwealth.

METCALF, J.   One exception in this case is, that the jury were instructed that they might infer that gin was intoxicating, without any evidence other than that of its properties or qualities.   We are not certain that we understand the meaning of this instruction.   But assuming, with the defendant's counsel, that its meaning is, that the jury might find that gin is intoxicating, without any evidence given to prove it so, yet we are of opinion that the defendant has no legal cause of complaint. Jurors are not to be presumed ignorant of what everybody else knows.   And they are allowed to act upon matters within their general knowledge, without any testimony on those matters. Now everybody, who knows what gin is, knows not only that it is a liquor, but also that it is intoxicating.   And it might as well have been objected that the jury could not find that gin was a liquor, without evidence that it was not a solid substance, as that they could not find that it was intoxicating, without testimony to show it to be so.   No juror can be supposed to be so ignorant as not to know what gin is.   Proof, therefore, that the defendant sold gin is proof that he sold intoxicating liquor.   If what he sold was not intoxicating liquor, it was not gin.

Another exception is, that it ought to have been required of the prosecuting officer, in order to sustain the charges in the indictment, to show that no action of debt, or other concurrent remedy, provided by *St.* 1852, *c.* 312. for the recovery of penal-

ties, had been commenced or resorted to, for the same sales charged in this indictment. at or before finding the same. There is no legal pretence for this exception. The pendency of another concurrent proceeding, to recover the penalties sought to be recovered under this indictment, is matter for the defendant to show, and need not be negatived in the indictment, nor by the proof offered by the party prosecuting it.

*Exceptions overruled.*