## COMMONWEALTH vs. THOMAS TIMOTHY.

Any person is competent to testify that certain liquor was gin.

On the trial of an indictment for unlawfully keeping intoxicating liquor with intent to sell, the Commonwealth may introduce evidence that there were jugs in the defendant's house, which had recently contained liquor.

Liquors not actually intoxicating, but which the *St.* of 1855, *c.* 215, § 1, declares "shall be considered intoxicating within the meaning of this act," may be described as "intoxicating" in an indictment on that statute.

An indictment on *St.* 1855, *c.* 215, § 24, for unlawfully keeping "intoxicating liquors" with intent to sell, need not more particularly describe the liquors kept.

COMPLAINT on *St.* 1855, *c.* 215, § 24, averring that the defendant, on the 28th of July 1856, at Northampton, "did keep intoxicating liquors, with intent to sell the same in said commonwealth," he not being authorized under *St.* 1855, *c.* 215, or by any legal authority whatever, "against the peace of said commonwealth, and contrary to the form of the statute in such case made and provided."

At the trial in the court of common pleas in Hampshire, before *Bishop*, J., a witness for the Commonwealth testified that he, as an officer's assistant, went to the defendant's house to make a seizure; and being asked what they found at the defendant's house, testified that they found there what in his opinion was gin. The defendant objected that it was not shown that the witness knew or was capable to distinguish or tell what the liquor was. But the judge admitted the testimony.

The officer who made the seizure was also called as a witness, and asked if there were at the defendant's house other jugs than those containing liquors. The defendant objected. But the witness was allowed to answer the question, and testified that he did find there jugs which had no liquor in them, but which had had liquor in them recently.

The defendant, being found guilty, brought this case up by exceptions. He also moved in arrest of judgment, because the complaint did not set forth the offence fully, plainly and formally, nor allege particularly what liquors the defendant kept; and did not show but that the liquors kept were not otherwise

intoxicating than as so declared and considered by force of *St.* 1855, *c.* 215, § 1, contrary to the fact.

*G. M. Stearns,* for the defendant. 1. The opinion of the first witness, that what was found was gin, was not admissible, as it does not appear that he had any knowledge of the matter. 1 Greenl. Ev. § 440. *New England Glass Co.* v. *Lovell,* 7 Cush. 319.

2. Evidence that the defendant had jugs which had formerly contained liquor was improperly admitted, as it did not tend to show with what intent the defendant kept the liquor alleged in the complaint to have been unlawfully kept. *Commonwealth* v. *Madden,* 1 Gray, 486. *Ellis* v. *Short,* 21 Pick. 142. *Commonwealth* v. *Call,* 21 Pick. 522.

3. The allegation that the defendant kept intoxicating liquor contrary to the *St.* of 1855, *c.* 215, is insufficient, because it may apply to cider or wine, unintoxicating in fact, which § 1 declares " shall be considered intoxicating liquors, within the meaning of this act." The legislature have no power to declare unintoxicating liquors to be intoxicating, and punish them as if they were. 1 Bishop on Crim. Law, § 53, & cases cited.

4. The complaint does not describe with sufficient certainty the property kept — there being no statement of the kind or quantity. 1 Chit. Crim. Law, 236, 237. *Rex* v. *Chalkley,* Russ. & Ry. 258. *Rex* v. *Forsyth,* Russ. & Ry. 274. *Stewart* v. *Commonwealth,* 4 S. & R. 194. *Commonwealth* v. *Phillips,* 16 Pick. 211. It is not sufficient to allege an offence in the words of the statute. *Commonwealth* v. *Maxwell,* 2 Pick. 143. *Commonwealth* v. *Thurlow,* 24 Pick. 379. *Moore* v. *Commonwealth,* 6 Met. 243.

*D. W. Alvord,* (District Attorney,) for the Commonwealth.

By THE COURT. 1. Whether a particular article is gin is not a subject requiring an expert, but a matter of general knowledge. If the witness did not know, he might say so.

2. The evidence of the jugs which had contained liquor was rightly admitted. They tended to show that the defendant kept liquor, which was a necessary step in proving that she kept liquor unlawfully.

3. If the liquor sold was not in fact intoxicating, still, if it was within the liquors enumerated in the first section of the statute, the keeping of it with intent to sell was, by the terms of the statute, to be punished in the same manner as if it was intoxicating. And such an enactment is within the discretion of the legislature to pass.

4. The liquors are described in the complaint in the manner which has always been practised in similar cases. *Commonwealth* v. *Conant*, 6 Gray, 482.

*Exceptions and motion in arrest overruled.*