[Criminal No. 571.   Filed March 4, 1925.]

[232 Pac. 398.]

## WILLIAM UREN, Appellant, v. STATE, Respondent.

1. Rape—Crime of Assault Included in Crime of Assault With Intent to Commit Rape.—The crime of assault is included in the crime of assault with intent to commit rape, the assault being simple assault under the Penal Code of 1913, section 207, if information does not allege that defendant was adult male person, and aggravated assault under section 215 if information contains such allegation.

2. Rape—Crime of Battery may be Included in Crime of Assault With Intent to Commit Rape.—A battery defined by Penal Code of 1913, section 209, may be included in the crime of assault with intent to commit rape, under proper allegations and proof.

3. Rape—Under Information Charging Assault With Intent to Rape Without Alleging That Defendant was Adult Male Person, Instructions on Aggravated Assault or Battery Held Proper.—As information charging assault with intent to commit rape, without alleging that defendant was an adult male person, would not support verdict of guilty of aggravated assault or aggravated battery under Penal Code of 1913, section 215, subdivision 3, failure to charge on such offenses was not error.

4. Assault and Battery—Adult Male cannot Commit Simple Assault or Battery on Female.—Under Penal Code of 1913,

section 215, subdivision 3, an adult male person is incapable of committing a simple assault or simple battery on the person of a female; any assault or battery, however slight, being aggravated.

5. RAPE—INSTRUCTIONS ON SIMPLE ASSAULT AND SIMPLE BATTERY, AS INCLUDED OFFENSES IN PROSECUTION FOR ASSAULT WITH INTENT TO COMMIT RAPE, HELD PROPER.—In prosecution for assault with intent to commit rape, in which information did not charge that defendant was adult person, instruction on simple assault under Penal Code of 1913, section 207, and simple battery under section 209, would have been proper.

6. CRIMINAL LAW—FAILURE TO INSTRUCT ON INCLUDED OFFENSES HELD NOT GROUND FOR REVERSAL IN ABSENCE OF REQUEST THEREFOR.—In prosecution for assault with intent to commit rape, in which the information did not allege that defendant was an adult male person, failure to instruct on simple assault and simple battery as included offenses *held* not ground for reversal, in absence of request therefor.

See (1, 2) 33 Cyc., p. 1453, n. 13, 14 New.    (3) 16 C. J., p. 1042, n. 20.    (4) 5 C. J., p. 729, n. 47.    (5, 6) 16 C. J., p. 1055, n. 13; 33 Cyc., p. 1503, n. 20.

APPEAL from a judgment of the Superior Court of the County of Cochise. A. C. Lockwood, Judge. Affirmed.

Mr. Alexander Murry and Mr. Frank E. Thomas, for Appellant.

Mr. John W. Murphy, Attorney General, Mr. Earl Anderson, Assistant Attorney General, and Mr. John F. Ross, County Attorney, for the State.

PHELPS, Superior Judge.—On October 6, 1922, appellant was charged by information filed in the superior court of Cochise county with an assault with intent to commit rape upon the person of one Mrs. S. A. Butler, and on the twenty-seventh day of October, 1922, the case was tried to a jury and appellant found guilty as charged in the information. He was thereafter sentenced to serve two years in the state

prison, and from the judgment and order overruling appellant's motion for a new trial he prosecutes his appeal to this court.

Appellant assigns as error the failure of the lower court to instruct the jury upon the law of simple assault, simple battery, aggravated assault and aggravated battery, which offenses appellant claims are included in the offense charged in the information, and upon this theory appellant further assigns as error the failure of the court to instruct the jury upon the general proposition of law that—

"When it appears that a defendant has committed a public offense and there is reasonable ground of doubt in which of two or more degrees he is guilty, he can be convicted of the lowest of such degrees only."

The information charges that—

"The said Bill Uren on or about the 13th day of September, 1922, and before the filing of this information, at the county of Cochise, state of Arizona, did then and there willfully, unlawfully, feloniously and violently, commit an assault in and upon the person of another, to wit, Mrs. S. A. Butler, a female, not the wife of him, the said Bill Uren, by then and there forcibly and with violence assaulting and attempting, with intent to rape her, the said Mrs. S. A. Butler, to have and commit the act of sexual intercourse with her, the said Mrs. S. A. Butler, contrary to the form, force and effect of the statute in such cases made and provided, and against the peace and dignity of the state of Arizona."

Section 207 of the Penal Code of 1913 provides:

"An assault is an unlawful attempt, coupled with a present ability, to commit a violent injury on the person of another."

Section 209 of said Code provides that—

"A battery is any willful and unlawful use of force or violence upon the person of another."

Section 215 of said Penal Code provides, in so far as the same is pertinent hereto, that—

"An aggravated assault is an assault . . . committed by an adult male upon the person of a female. . . . ."

There can be no doubt but that in the very nature of the crime, an assault is an included offense in the crime of assault with intent to commit rape, and under proper allegations and proof a battery may likewise be included.

As to whether such assault or battery is a simple or an aggravated one must depend upon the law defining such offenses, upon the allegations in the information, and upon the evidence adduced at the trial.

Although the information sufficiently charges the offense of an assault with intent to commit rape, under no circumstances could the defendant in this case have been convicted of an aggravated assault or aggravated battery as an included offense, for the reason that the charging portion of the information fails to allege an essential element of such offense, to wit, "that defendant was an adult male person."

The information being insufficient in law to support a verdict of guilty upon a charge of aggravated assault or aggravated battery, no instruction could have been properly given relative thereto.

If the information had contained the allegation "that the defendant was an adult male person," then it would have been the duty of the court, if requested so to do by either party, to instruct the jury upon the law pertaining to an aggravated assault or an aggravated battery, or both, if the evidence warranted it, as included offenses, and the inclusion of such an allegation in the information would have resulted in the complete elimination of

any question of simple assault or simple battery, for under the provisions of subdivision 3, section 215, Penal Code of 1913, *supra,* an adult male person is incapable of commiting a simple assault or a simple battery upon the person of a female. Any assault or any battery, however slight, is under this statute an aggravated one.

While, under the pleadings and proof in this case, an instruction upon simple assault and simple battery as included offenses would have been proper, yet in the absence of a request by defendant to so charge, no duty devolved upon the court to do so. In fact, the defendant may take the position, as is often the case, that he is entitled to be acquitted unless he is found by the jury to be guilty of the highest degree of the crime charged, believing the evidence insufficient to convict him of the highest degree of such crime, but sufficient to warrant a conviction upon an included offense, or that a submission of the included offenses would result in a compromise verdict of conviction upon one of such included offenses.

The language of the statute does not make it mandatory upon a judge to charge a jury upon points pertinent to the issue except when requested so to do by either party. But upon request of either party to instruct the jury upon such points as are pertinent, it then becomes mandatory upon the judge to declare the law relating thereto, and his failure so to do is reversible error.

This court has heretofore passed upon this question in at least three cases, and has consistently held that mere nondirection to a jury is not reversible error where no request to charge was made. The most recent declaration of the court is found in the case of *Douglas* v. *State,* 26 Ariz. 327, 225 Pac. 335.

The judgment of the lower court is therefore affirmed.

McALISTER, C. J., and ROSS, J., concur.

N. B.—A. C. LOCKWOOD, being disqualified, the Honorable M. T. PHELPS, Judge of the Superior Court of the State of Arizona in and for the County of Maricopa, was called to sit in his stead in the hearing of this cause.