404 P.2d 724

**The STATE of Arizona, Appellee,**

v.

**Clarence Connard SHOOK, Appellant.***

**No. 2 CA–CR 21.**

Court of Appeals of Arizona.

Aug. 6, 1965.

Rehearing Denied Sept. 3, 1965.

Review Denied Oct. 5, 1965.

* This appeal was filed with the Arizona Supreme Court and assigned that court's No. 1571. The matter was referred to this court pursuant to Sec. 12–120.23 A.R.S.

Darrell F. Smith, Atty. Gen., Phoenix, Norman E. Green, County Atty. of Pima County, Carl Waag, Deputy County Atty., Tucson, for appellee.

Lillian S. Fisher, Tucson, for appellant.

MOLLOY, Judge.

This is an appeal from a judgment of conviction and sentence for grand theft. There are eight assignments of error.

The evidence at the trial established that the defendant was hired on or about April 7, 1963, as a service station attendant in a privately owned service station in Tucson, Arizona. He was working the graveyard shift. On April 6, the defendant had registered at a small hotel in Tucson, Arizona. He checked out of the hotel on the evening of April 12, 1963. That same night he reported to the service station at approximately 10:30 p. m., and assumed charge of the station, its stock of mer-

chandise on hand, the cash on hand, and certain used cars which were on sale by the owner of the station. Between 12 and 12:30 that night, the defendant had departed without notifying the owner or anyone else, the lights were turned off at the station, one of the used cars was missing and certain cash monies were gone.

The missing automobile was located some six months later in Sonora, Mexico, in a very run-down condition. Approximately a year later the defendant was apprehended. Interrogation by the police resulted in a partial confession which was introduced in evidence over objection. The defendant did not take the stand in defense.

The circumstances giving rise to the confession were that the defendant was taken from the Pima County jail at about 8:30 a. m., on May 21, 1964, to the city jail. In an interview room there he was questioned by a police officer. Subsequently, his written statement was prepared and signed in the presence of one other officer and a stenographer. The entire proceedings, including the signing of a written statement, was concluded by 10:30 a. m. Prior to commencing the interrogation, the officer informed the defendant of the nature of the charges against him, that the defendant did not have to make any statement and that any statement made might be used against him. Prior to the commencement of the questioning, the defendant asked if he would be provided with a lawyer and he was informed by the police officer that he would have to get his own lawyer. Other than this, there was no request by the defendant for counsel.

The charges filed against the defendant were grand theft of the automobile and grand theft of cash in excess of $50.00. In the written statement taken from the defendant he admitted the taking of the car, without any statement being made as to intent to permanently deprive the owner thereof, and he admitted taking $45.00, approximately, from the cash drawer. The jury convicted the defendant of the charge of grand theft of the automobile and acquitted the defendant of the charge of grand theft of $50.00 or more.

The first three assignments of error pertain to the admission of the confession in evidence. It is asserted that the trial court erred in admitting the confession because the defendant did not have benefit of counsel when the statement was taken. Also, there is assigned as error the sustaining of an objection to a question to a police officer as to whether, in the opinion of the police officer, there was sufficient time for the defendant to have procured counsel between the time that the defendant asked whether counsel would be provided to him and the time that the interrogation commenced.

This court believes the decision of State v. Miranda, 98 Ariz. 18, 401 P.2d 721, released on April 22, 1965, is conclusive of the defendant's contention that his constitutional rights were violated in not providing him with counsel in connection with the interrogation at the police department. In this decision the landmark case of Escobedo v. State of Illinois (1964), 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977, is analyzed and found to contain five elements:

"(1) The general inquiry into an unsolved crime must have begun to focus on a particular suspect. (2) The suspect must have been taken into police custody. (3) The police in its interrogation must have elicited an incriminating statement. (4) The suspect must have requested and been denied an opportunity to consult with his lawyer. (5) The police must not have effectively warned the suspect of his constitutional rights to remain silent."

In the case now before this court, elements (4) and (5) from this analysis are absent. Counsel for the defendant asks us to extend the rule of Escobedo so as to cover the present situation.

The triers of fact in criminal trials have the heavy responsibility of separating the guilty from the innocent. To perform

this task, they need as much light as can legitimately be cast upon the case at hand. Evidence which will aid juries in making rightful determinations should be kept from them only for the most cogent reasons. As the rate of crime in this country continues to rise, our society in its desperate efforts to fight this carcinoma at its innards will place greater emphasis upon the conviction of law violators. This is no time to be turning out the lights on the operating table where the distinction between cancer and healthy tissue must be made.

■ In the instant case, without the statement of the defendant, there is only circumstantial evidence of guilt. This court, and undoubtedly the jury that brought in its verdict in this case, will sleep better because of the defendant's explanation. This court sees no boon to our way of life in extending the rule of Escobedo so as to nullify the insight given by the defendant's admissions.

■ As to the question soliciting of the police officer his opinion as to the sufficiency of the time to obtain counsel, this court holds that the question calls for the conclusion of a witness in an area where opinion evidence is not particularly helpful to the trier of fact. It was not error to sustain the objection. Finn v. J. H. Rose Truck Lines (1965) 1 Ariz.App. 27, 398 P.2d 935.

The fourth assignment of error alleges that the defendant was prejudiced by the "frequent objections and interruptions" of the prosecuting attorney during the trial. In argument, it is stated that the State's attorney made 140 objections. In answering brief, the State contends there were 132 objections so made, with only 61 being overruled. The prosecuting attorney was severely admonished by the trial court on several occasions and both counsel were once threatened with a jail sentence if they did not quiet down.

■ Annoying as this conduct must have been to all participating in this trial, never-theless this court does not find that the defendant was prejudiced. It seems more likely that the State's case was prejudiced by the overzealousness of its counsel. There was no extraneous matter injected into the trial by these objections. With few exceptions, all objections were made to keep evidence out of the record, or to require the rephrasing of questions. Not finding that the defendant was prejudiced by this conduct, this court refuses to reverse the judgment of the trial court. Art. 6 § 27, Constitution of the State of Arizona, A.R.S.

■ The fifth assignment pertains to the admission of hotel records, the objection being that they were irrelevant. This court holds that the registration record pertaining to the defendant, showing when he checked out of the hotel, has some evidentiary value insofar as this case is concerned.

The sixth assignment pertains to the sustaining of an objection to the following question, posed on cross-examination by defendant's counsel to the owner of the station:

"Q Did you report receipt of that money on your income tax for 1963?"

The money referred to is the money recovered by the owner on a theft insurance policy carried by him on his business. Throughout the trial, the defendant's counsel had been permitted to pose as a defense the possibility that the owner of the station had fictionalized or magnified his losses in order to make a recoupment on his insurance. Numerous questions were allowed in this regard, but this objection was sustained. On appeal, it is argued that whether the owner had reported any money as income may have indicated whether there was any financial gain to him personally as a result of this alleged theft.

■■ There may be some connection between this line of inquiry and a motive to prevaricate against the defendant. However, the connection is certainly abstruse at best. This court holds there was no re-

versible error in sustaining this particular objection. This court does not believe that in so holding it is retreating from pronouncements of our Supreme Court to the effect that the motive of a witness to prevaricate is a proper subject of full cross-examination. State v. Little (1960) 87 Ariz. 295, 350 P.2d 756, 759, 86 A.L.R. 2d 1120.

The seventh assignment alleges that it was error to sustain objections propounded to the owner of the service station relating to the custody of his business records. Argument in support of this rather vague assignment of error indicates that the following in the record is complained of:

"Q Could you ask your bookkeeper to bring it in?

"MR. WEISS: (county attorney) I am going to object. If he wants it from the bookkeeper it is in the bookkeeper's possession—

"THE COURT: Sustained.

"MR. WEISS: —let him subpoena it.

"THE COURT: I have ruled, Mr. Weiss.

"MR. TINDALL: (defense counsel) Q Is this the same bookkeeper, Mr. Cordrey? (Mr. Cordrey is the station owner.)

"A Yes.

"Q What is his address?

"A St. Johns."

■ The record discloses no motion to produce the records nor any subpoena being served requiring that the records be brought to the trial. These are the proper methods to secure documents. That defense counsel was aware the court had the power to order production is evidenced by the record. On several occasions defense counsel made motions to produce statements given by the witnesses to police officers, so that the same might be used by defense counsel in cross-examination. There being no motion to produce and no subpoena served requiring the production of these records, this court holds it was not error to sustain the objection to the question.

■ The last assignment is that the trial court erred in not directing a verdict for the defendant. This court holds that there was sufficient evidence to go to the jury on the question of the defendant's guilt and that this motion was properly denied by the court.

At the time of oral argument, defense counsel suggested there was a violation in the trial court of the holding of Jackson v. Denno (1964), 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908, requiring a finding by the trial court as to the voluntariness of a confession.

The court has examined the record and does not find this to be the case. A hearing in the absence of the jury as to the voluntariness of the confession was afforded, though there was no suggestion made that the confession was involuntary. The trial court indicated that it understood it was its duty to determine whether the confession was voluntary or not, in the following words:

"The court has to rule on whether it is voluntary or not."

■ By admitting the confession in evidence at the conclusion of this hearing, this court holds the trial court impliedly, but definitely, ruled that the confession was voluntary. That the trial court admitted the confession at the conclusion of this hearing in the absence of the jury is not assigned as error. Certainly any error in this regard was cured by the laying of a proper foundation in the presence of the jury subsequently.

Finding no prejudicial error in the record and being of the opinion that substantial justice has been done, it is ordered that the judgment of conviction as to the defendant is affirmed.

KRUCKER, C. J., and HATHAWAY, J., concurring.