473 P.2d 803

The STATE of Arizona, Appellee,

v.

Mike Walter MERCER, Appellant.

No. 2 CA–CR 213.

Court of Appeals of Arizona,
Division 2.

Aug. 26, 1970.

Gary K. Nelson, Atty. Gen., by Carl Waag, Asst. Atty. Gen., Phoenix, for appellee.

Howard A. Kashman, Pima County Public Defender, by Arthur R. Buller, Chief Deputy Defender, Tucson, for appellant.

KRUCKER, Judge.

Defendant, Mike Walter Mercer, and one Joseph Lee Schmidgall, were jointly informed against for the crime of grand theft in violation of A.R.S. § 13–661, § 13–663, as amended, and § 13–671, as amended. From a conviction and a judgment suspending the imposition of sentence for five years, defendant appeals.

Briefly, the facts are as follows. On January 22, 1969, the defendant and his co-defendant, Mr. Schmidgall, drove into a service station and offered to sell some tires to one Joseph Skinner. Skinner declined to buy the tires for the reason that they looked like some belonging to a Michael Futa. (The information alleged that the property was stolen from Michael Futa.) Later, Mr. Futa claimed to have located the tires on Schmidgall's truck and in a storage shed on or near Mr. Mercer's property. There was also evidence at the trial that the defendant offered Futa some money not to take action.

The questions raised by defendant are as follows:

(1) Did the trial court err in failing to direct a verdict in favor of defendant at the close of the State's case?

(2) Did the trial court err in failing to submit a verdict for petit theft to the jury, at least on its own motion, due to the uncertainty as to actual value of the property involved?

(3) Was defendant prejudiced by reference to another possible theft other than the one at issue?

(4) Did the trial court deprive defendant of a fair trial by severely curtailing his right of cross-examination and in sustaining objections even before questions were asked?

(5) Was the prosecutor guilty of misconduct by indulging in a barrage of objections preventing defendant from maintaining and pursuing an adequate defense?

### DIRECTED VERDICT

■ Defendant makes no serious contention as to the trial court's refusal to direct a verdict in his favor, and counsel states that it is only raised to protect defendant's record on appeal. It has been repeatedly held that reversible error occurs only where there is a complete absence of probative facts to support the conclusion.

Evidence is no less substantial simply because the testimony is conflicting or reasonable persons may draw different conclusions therefrom. State v. Bearden, 99 Ariz. 1, 405 P.2d 885 (1965); State v. Rivera, 94 Ariz. 45, 381 P.2d 584 (1963); State v. Mahan, 92 Ariz. 271, 376 P.2d 132 (1962); Macias v. State, 39 Ariz. 303, 6 P.2d 423 (1931); State v. Foggy, 101 Ariz. 459, 420 P.2d 934 (1966). We find no error in denying defendant's motion for a directed verdict.

### SUBMISSION OF VERDICT ON PETIT THEFT

■ Defendant complains that the trial court erred in failing to submit the question of petit theft to the jury when the information charged grand theft. We find no merit in defendant's complaint. The record discloses that the court did submit the question of petit theft to the jury. The court instructed the jury:

"* * * [T]here will be three forms of verdicts submitted to you * * *:

'We, the jury * * * do find the defendant, Mike Walter Mercer, not guilty.'

'We, the jury * * * do find the defendant, Mike Walter Mercer, guilty of theft of property of the value of more than $100.'

'We, the jury * * * do find the defendant, Mike Walter Mercer, guilty of theft of property of the value of $100 or less.'

If you find that the defendant is guilty then you will have to determine the value of the property and use one of these two verdicts either over $100 or less than $100."

Furthermore, we believe it to be the law that instructions on a lesser included offense are not required unless requested by the defendant as there may be some tactical or strategical reason that he get in what the lesser offenses included, and he deems it in his interests to do so. Uren v. State,

27 Ariz. 491, 232 P. 398 (1925). In this case, the Supreme Court states:

"While, under the pleadings and proof in this case, an instruction upon simple assault and simple battery as included offenses would have been proper, yet in the absence of a request by defendant to so charge, no duty devolved upon the court to do so. In fact, the defendant may take the position, as is often the case, that he is entitled to be acquitted unless he is found by the jury to be guilty of the highest degree of the crime charged, believing the evidence insufficient to convict him of the highest degree of such crime, but sufficient to warrant a conviction upon an included offense, or that a submission of the included offenses would result in a compromise verdict of conviction upon one of such included offenses." 27 Ariz. at 495, 232 P. at 399.

The jury was properly and fully instructed on the question of value of the property taken:

"You are further instructed that grand theft is the theft of property of the value of more than $100. Petty theft is the theft of property of the value of $100 or less.

\*   \*   \*   \*   \*   \*

While the instruction just given states the test to be used in determining value, it is not necessary that any witness use the language I have used. Any expression of opinion on value that the court has received in evidence (including that of the owner), may be considered by you in determining value. You are not bound to accept any such opinion as conclusive but you should give it the weight to which you shall find it to be entitled. You may disregard any such opinion if you find it to be unreasonable."

In view of the instructions given and the verdict submitted, we find no error on this point.

## WAS DEFENDANT PREJUDICED BY REFERENCE TO POSSESSION OF STOLEN ITEMS NOT AT ISSUE IN THE INSTANT CASE?

Defendant was charged with the theft of tires. At trial, Mr. Skinner, a friend of the victim of the theft, testified that he had taken a toolbox from defendant's residence. This was elicited by defense counsel. Later, the prosecution asked Mr. Skinner why he had taken the box and he stated he believed it had also been stolen. Defense counsel objected to this latter testimony. The trial court, believing defense counsel had opened the door by asking the first question, overruled the objection.

■ It has long been the general rule that evidence of prior crimes, unrelated to the one at issue, is inadmissible because its prejudicial nature outweighs any probative force it might have. State v. Hughes, 102 Ariz. 118, 426 P.2d 386 (1967). Indeed, several recent Arizona cases suggest that admission of such evidence in some circumstances is fundamental error. State v. Kellington, 93 Ariz. 396, 381 P.2d 215 (1963); State v. Hunt, 91 Ariz. 145, 370 P.2d 640 (1962). There are, however, several exceptions to this rule. The evidence may be admitted upon one of the following theories: (1) It tends to identify the defendant; (2) It tends to show motive; (3) It tends to show scheme or plan; (4) It tends to show knowledge; and (5) It is so connected with the crime at issue as to constitute one occurrence. Cummings v. State, 219 So.2d 673 (Miss.1969); Alexander v. Commonwealth, Ky., 450 S.W.2d 808 (1970).

■ In the instant case the essential question is whether defendant has waived his right to complain. We have perused the cases and believe that defendant did open the door to the questions here. Antone v. State, 49 Ariz. 168, 65 P.2d 646 (1937); State v. Arriola, 99 Ariz. 332, 409 P.2d 37 (1965). Defense counsel elicited the first inquiries, apparently in an attempt to discredit a major prosecution witness. Subsequent testimony showed that the tool-

**4**

box was returned to defendant by the police department. Furthermore, the court admonished the jury that the witness' comments as to why he took the box should not be considered against defendant, but merely as to that witness' motivation.

## WAS THE PROSECUTION GUILTY OF MISCONDUCT BY EXCESSIVE OBJECTIONS AND CURTAILMENT OF DEFENSE CROSS-EXAMINATION?

■ Questions four and five being interrelated will be dealt with together. Dozens of objections were made by the prosecuting attorney, Mr. Horton Weiss. The over-zealous tactics of Mr. Weiss are well known to this court and have been the subject of other appeals; Mr. Weiss has also been personally observed by some of the appellate judges when they were on the trial bench. *See*, State v. Shook, 1 Ariz. App. 458, 404 P.2d 724 (1965); Weiss v. Superior Court, 12 Ariz.App. 527, 472 P.2d 950 (filed July 31, 1970) ; and State v. Lenahan, 12 Ariz.App. 446, 471 P.2d 748 (filed July 13, 1970). As Judge Molloy stated in *Shook*, supra:

> "Annoying as this conduct must have been to all participating in this trial, nevertheless this court does not find that the defendant was prejudiced. It seems more likely that the State's case was prejudiced by the overzealousness of its counsel. * * *" 1 Ariz.App. at 461, 404 P.2d at 727.

We do not condone the conduct of the prosecuting attorney in asking excessive questions, and while we believe that the cross-examination by the defense should not be limited or interrupted, we can find no prejudice or reversible error.

For the reasons stated herein, the judgment is affirmed.

HOWARD, C. J., and HATHAWAY, J., concur.