507 P.2d 1009

**STATE of Arizona, Appellee,**

v.

**Donnie Lee BREWER, Appellant.**

**No. 1 CA–CR 493.**

Court of Appeals of Arizona,
Division 1,
Department B.
March 27, 1973.

**398**

. . .

Gary K. Nelson, Atty. Gen., by William J. Schafer, III, Chief Counsel, Criminal Division, Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender, by James H. Kemper, Deputy Public Defender, Phoenix, for appellant.

EUBANK, Presiding Judge.

This appeal by the defendant follows his jury trial and conviction of the felony theft of a motor vehicle in violation of A. R.S. § 13–672. He was sentenced to serve three to five years in the Arizona State Prison, and he appeals from the judgment of conviction and sentence.

The defendant contends that the trial court erred in admitting evidence that he was in possession of a different stolen vehicle the day he was arrested for the theft of the vehicle for which he was tried and convicted herein.

Defendant cites Dorsey v. State, 25 Ariz. 139, 213 P. 1011 (1923) for the general rule that other bad acts or crimes cannot be used as evidence to prove the crime at issue, and cites State v. Mercer, 13 Ariz. App. 1, 473 P.2d 803 (1970) for the proposition that such evidence may constitute fundamental error unless it is within certain exceptions to the above rule. Mercer listed the exceptions in the following terms:

" . . . The evidence may be admitted upon one of the following theories: (1) It tends to identify the defendant; (2) It tends to show motive; (3) It tends to show scheme or plan; (4) It tends to show knowledge; and (5) It is so connected with the crime at issue as to constitute one occurrence. Cummings v. State, 219 So.2d 673 (Miss.1969); Alexander v. Commonwealth, Ky., 450 S.

W.2d 808 (1970)." (13 Ariz.App. at 3, 473 P.2d at 805).

*See* M. Udall, Arizona Law of Evidence, § 115 (1960); McCormick, Law of Evidence, § 157 (1954), and § 190 (1972); *see also* Rule 404, Rules of Evidence for United States Courts and Magistrates, 56 F.R.D. 183, 219, effective July 1, 1973. The defendant contends that the evidence of his presence in another stolen vehicle the day of his arrest in the instant case does not go to the proof of any element of theft of a motor vehicle. We disagree. As pointed out by the appellee, such evidence goes to the defendant's criminal intent or knowledge of his wrongdoing and is competent when it tends to establish an absence of mistake or accident. State v. Turner, 104 Ariz. 469, 470, 455 P.2d 443, 444 (1969).

The record shows that at approximately 3:14 A.M. on November 16, 1971, the defendant was stopped by a Maricopa County Deputy Sheriff in the vehicle here involved. The registration was not in the vehicle. He was released after his explanation to the officer that the vehicle belonged to a friend named Joe Brown whom he was to pick up at Arizona State University and that he had left his wallet with his license in it at home. This vehicle was never recovered; and it was later determined that the vehicle had been stolen. The following night, November 17, a City of Phoenix Police Officer stopped the defendant while driving another vehicle, a 1959 4-door white Chevrolet, license No. LCL–742. The car was being driven without lights. Defendant again did not have a driver's license or registration, and claimed that this vehicle was owned by James Brown. He was taken into custody when the missing vehicle report indicated that the vehicle was reported stolen earlier in the day. The record also shows that neither vehicle was owned by anyone named Brown.

In our opinion this evidence falls within the above-mentioned exception to the general rule.

Pursuant to A.R.S. § 13–1715, we have reviewed the entire record and notice an obvious clerical error contained in the Judgment of Guilt and Sentence, No. CR–70491, filed on February 29, 1972. The phrase "been tried and found guilty of" was deleted instead of deleting the proper phrase "entered a plea of guilty to". The judgment is therefore modified to reflect the fact of the jury trial and verdict of guilty by inserting the phrase "been tried and found guilty of" and by deleting "entered a plea of guilty to".

In addition, we have reviewed the record for fundamental error, and having found none, affirm the Judgment of Guilt, as modified, and Sentence.

JACOBSON, Chief Judge, Division 1, and HAIRE, J., concur.