541 P.2d 947

**The STATE of Arizona, Appellee,**

**v.**

**Ray Boyd CARNER, Appellant.**

**No. 2 CA–CR 668.**

Court of Appeals of Arizona, Division 2.

Oct. 30, 1975.

Bruce E. Babbitt, Atty. Gen., Phoenix by John S. O'Dowd, Asst. Atty. Gen., Tucson, for appellee.

Eric P. Ruderman, Bisbee, for appellant.

OPINION

KRUCKER, Judge.

Appellant, Ray Boyd Carner, was charged with attempting to receive personal property over the value of $100 having reason to believe it was stolen, A.R.S. §§ 13–108 and 13–621 (Supp.1975–76), and carrying a concealed weapon, A.R.S. § 13–911 (Supp.1973). After a jury trial on May 13 and 14, 1975, he was found guilty of both charges. From the judgments of conviction, he brings this appeal.

Appellant contends that the trial court erred in permitting a witness for the State to testify that he had sold stolen goods to appellant on ten to fifteen occasions in the past. In addition the State has called to our attention as possible fundamental error the prosecutor's failure to prove that the property appellant received was stolen. Accordingly, we must determine: (1)

whether the testimony concerning appellant's previous purchases of stolen goods was properly admitted, and (2) whether the State's failure to adduce evidence that the goods received by appellant were stolen vitiates his conviction for attempting to violate A.R.S. § 13–621 (Supp.1975–76).

The facts are as follows. On February 14, 1975, one Gary Vandenburg was arrested for burglary in Cochise County. During questioning by Sheriff's deputies, Vandenburg admitted committing approximately 21 burglaries in the Sierra Vista area. He also stated that he had sold to appellant all the goods he had stolen in the burglaries and that appellant knew the goods were stolen.

After the deputies finished questioning Vandenburg, they asked him if he would help them in a plan to arrest appellant. Vandenburg agreed to do so. The Sheriff's Department accordingly provided him with a .22 pistol, a .38 Derringer, and a .30–06 rifle, all of which had been in storage at the Sheriff's office. On February 19, 1975, Vandenburg took the weapons to Naco Mercantile, appellant's place of business. After inspecting the weapons, appellant bought them for $10 cash and promised to pay Vandenburg an additional $45 later. Vandenburg testified at trial that he told appellant the weapons had been stolen from the Phoenix area. Appellant, on the other hand, testified that he was unaware they were stolen and that Vandenburg had merely pledged them as security for a loan.

After Vandenburg left Naco Mercantile, he told Sheriff's deputies what had happened. The deputies then procured a warrant to search the store. During the search the .30–06 rifle was found. Appellant was arrested a few blocks away with the .22 pistol and the .38 Derringer in his pants pockets.

At trial Vandenburg was allowed to testify over appellant's objection that on ten to fifteen occasions in the past he had sold stolen goods to appellant. He testified that appellant generally asked him where the goods had been stolen and that he usually replied that they had been stolen from the

Tucson or Phoenix areas. Appellant contends the trial court erred in admitting this testimony into evidence.

As a general rule, evidence that a criminal defendant has committed bad acts in the past that are unrelated to the crime charged will not be admitted merely to show that he has a proclivity for wrongdoing. *State v. Moore,* 108 Ariz. 215, 495 P.2d 445 (1972); *State v. Keith,* 24 Ariz.App. 275, 537 P.2d 1333 (1975). This rule is inapplicable, however, where the evidence is probative of a material proposition in the case. Here appellant was charged with attempting to receive personal property knowing or having reason to believe it was stolen. We think Vandenburg's testimony tended to show that appellant had reason to believe the goods he received from Vandenburg on February 19, 1975, were also stolen. *See, State v. Hall,* 12 Ariz.App. 147, 468 P.2d 598 (1970). Further, we think the testimony was relevant to show absence of mistake or accident. *State v. Brewer,* 19 Ariz.App. 397, 507 P.2d 1009 (1973). We therefore hold that the testimony was properly admitted.

In its brief the State has raised the question of whether appellant could properly be convicted of an attempt to violate A.R.S. § 13–621 (Supp.1975–76) in the absence of proof that the goods he attempted to receive were stolen. We dealt with this question earlier this year in *State v. Vitale,* 23 Ariz.App. 37, 530 P.2d 394 (1975). In *Vitale* the appellant was a pawnshop owner. Police provided an informant with a television set that had previously been recovered after a burglary and had him take it to appellant's shop. The informant told appellant the set was stolen and appellant bought it. Appellant was convicted of attempting to receive stolen property under A.R.S. §§ 13–108 and 13–621 (Supp.1973). On appeal he contended that since the television was technically not stolen, he could not have been guilty of the substantive crime of receiving stolen property and therefore his conviction for attempt was barred by the doctrine of legal impossibili-

ty. We rejected his contention and held that legal impossibility is not a bar to prosecution for an attempt to receive stolen property.

As we noted in *Vitale:*

"The substantive crime of receiving stolen property, A.R.S. § 13–621, as amended, cannot be committed unless the property is actually stolen."[1] 530 P.2d at 400.

It may be contended that because conviction of the substantive crime requires proof that the goods were stolen, conviction of attempt should require similar proof. In the controversial case of *People v. Jaffe,* 185 N.Y. 497, 78 N.E. 169 (1906), the New York Court of Appeals so held. There the defendant attempted to purchase property he thought had been stolen but which had in fact been restored to its owner by police. The court reversed the defendant's conviction for attempt to receive stolen property. Under New York law, the crime of receiving stolen property could not be committed unless the goods were in fact stolen. The court therefore reasoned that if all defendant intended to do, i. e., receive goods he mistakenly believed were stolen, would not constitute a crime, " . . . it cannot be a crime to attempt to do with the same purpose a part of the thing intended." 78 N.E. at 170. *Accord, Booth v. State,* 398 P.2d 863 (Okl.Cr.1964).

As we noted in *Vitale, Jaffe* and the cases following it have been repeatedly criticized. *See, e. g.,* Hall, *General Principles of Criminal Law,* 2d Ed., at 589 (1960); Arnold, Criminal Attempts—The Rise and Fall of an Abstraction, 40 Yale L.J. 53 (1930); Sayre, Criminal Attempts, 41 Harv.L.Rev. 821 (1928). In *Faustina v. Superior Court,* 174 Cal.App.2d 830, 345 P.2d 543 (1959), the court refused to follow *Jaffe* on similar facts, holding that even if the goods petitioner received were technically not stolen, he did in fact attempt to receive stolen property. The Supreme Court of California later approved *Faustina* in *People v. Rojas,* 55 Cal.2d 252, 10 Cal.Rptr. 465, 358 P.2d 921, 85 A.L.R.2d 252 (1961). In *People v. Meyers,* 213 Cal. App.2d 518, 28 Cal.Rptr. 753 (1963), the court explained the California position as follows:

"The rule of the Jaffe case, upon which the appellant apparently relies, is not, as we have pointed out above, the California rule. The courts of this state have not concerned themselves with the niceties of distinction between physical and legal impossibility, but have focused their attention on the question of the specific intent to commit the substantive offense. The hypothesis of the rule established in this state is that the defendant must have the specific intent to commit the substantive offense, and that *under the circumstances, as he reasonably sees them, he does the acts necessary to consummate the substantive offense; but*

---

1. Before it was amended in 1969, A.R.S. § 13–621 required the State to prove that defendant *knew* the property he received was stolen. In Ch. 133, § 5, [1969] Ariz.Laws 1st Reg.Sess. 398, the Legislature amended A.R.S. § 13–621 to allow conviction on proof that defendant received personal property "having reason to believe" it was stolen. Under this amendment, which remains in the statute in its present form, it is arguable that the substantive offense can be committed even if defendant received property that was not stolen, as long as under all the circumstances he would have had reason to believe it was. For several reasons, we think that this was not the legislative intent behind the 1969 amendment. First, subsection A of the statute refers to a person who receives personal property "for his own gain, or to prevent *the owner* from again possessing the

property . . . ." (Emphasis added) If the property were not required to be stolen, the reference to its owner would not make sense. Second, subsection B, added in 1974, provides the "owner or person who has the right to possession of the property" with a civil remedy against any person who receives it in violation of subsection A. This remedy would appear to be meaningless unless the property were required to be stolen. Finally, in the 1974 amendment to A.R.S. § 13–621 the legislature enacted the following heading as part of the section: "Stolen property; violation; penalty." Ch. 49, § 1 and Ch. 144, § 2, [1974] Ariz.Laws 2d Reg.Sess. 98, 667; A.R.S. § 13–621 (Supp.1975–76). This evidences a clear legislative intent that the section is intended to apply only to transactions in property that is actually stolen.

*because of circumstances unknown to him, essential elements of the substantive crime are lacking. . . .* It is only when the results intended by the actor, *if they happened as envisaged by him,* would still not be a crime, then and only then, can he not be guilty of an attempt." 28 Cal.Rptr. at 756 (Emphasis added) *See,* LaFave and Scott, *Criminal Law* (1972), characterizing *Rojas* and *Faustina* as the better view on the impossibility defense and noting that the Model Penal Code draftsmen have rejected *Jaffe.*

█ We agree with the California approach as set forth in *People v. Meyers,* supra. We therefore reaffirm *State v. Vitale,* supra, and hold that the State's failure to prove that the guns received by appellant were stolen did not preclude his conviction for attempted violation of A.R.S. § 13–621 (Supp.1975–76).

Affirmed.

HOWARD, C. J., and HATHAWAY, J., concur.