609 P.2d 592

**The STATE of Arizona, Appellee,**

v.

**Joe Mercedes VASQUEZ, Appellant.**

**No. 2 CA–CR 1907.**

Court of Appeals of Arizona,
Division 2.

Feb. 22, 1980.

Rehearing Denied March 26, 1980.

Review Denied April 15, 1980.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III and Lynn Hamilton, Asst. Attys. Gen., Phoenix, for appellee.

Richard S. Oseran, Pima County Public Defender by Barry J. Baker Sipe, Asst. Co. Public Defender, Tucson, for appellant.

## OPINION

HOWARD, Judge.

■ Appellant was found guilty by a jury of driving while under the influence of intoxicating liquor while his driver's license was suspended, revoked or refused. He contends the trial court committed fundamental error by failing, sua sponte, to instruct the jury that it had a duty to acquit the appellant if it found that the state had failed to carry its burden of proving him guilty beyond a reasonable doubt. We do not agree. The trial court gave the following instructions:

"Now, a defendant in a criminal case is presumed by law to be innocent. The law does not require a defendant to prove his innocence or to produce any evidence.

The burden of proving the defendant guilty beyond a reasonable doubt rests upon the State and that burden never shifts throughout the trial."

The duty to acquit if the state fails to sustain its burden of proof is implicit in the instructions given.

Appellant contends fundamental error was also committed when the court failed, sua sponte, to instruct the jury on the lesser included offense of driving on a revoked license pursuant to Rule 23.3, Arizona Rules of Criminal Procedure, 17 A.R.S., which provides:

"Forms of verdicts shall be submitted to the jury for all offenses necessarily included in the offense charged, an attempt to commit the offense charged or an offense necessarily included therein, if such attempt is an offense. The defendant may not be found guilty of any offense for which no form of verdict has been submitted to the jury."

The comment to Rule 23.3 states: "The rule places the responsibility for deciding what verdicts the jury may return on the court, restricting the jury to returning verdicts for which forms have been submitted to it."

■ We believe Rule 23.3 must be read in conjunction with Rule 21.3(c) which provides that no party may assign as error on appeal the failure to submit a form of verdict unless he objects thereto before the jury retires to consider its verdict. Rule 23.3 presumes a valid request has been made and requires the court to submit separate forms of verdict.

■ Failure to request an instruction on a lesser included offense constitutes a waiver. *State v. Mercer*, 13 Ariz.App. 1, 473 P.2d 803 (1970). So does the failure to request a form of verdict for a lesser included offense.

Affirmed.

HATHAWAY, C. J., and RICHMOND, J., concur.