[Criminal No. 546.  Filed March 31, 1923.]

[213 Pac. 1011.]

# D. T. DORSEY, Appellant, v. STATE, Respondent.

1. ROBBERY—FINDING OF PROSECUTOR'S GUN IN LEASED ROOM HELD NOT TO SHOW LESSOR HAD POSSESSION OF GUN.—The finding of a gun taken from prosecuting witness in a room of defendant's house, leased to and occupied by others, *held* not to show that defendant had possession of the gun.

2. ROBBERY—FINDING OF PROSECUTOR'S GUN IN LEASED ROOM HELD TO RAISE PRESUMPTION THAT LESSEES CARRIED IT THERE.—The finding of a gun taken from prosecuting witness in a room *held* to raise the presumption that the gun was carried there by the persons leasing and occupying that room.

3. CRIMINAL LAW — PROSECUTOR'S GUN FOUND IN POSSESSION OF OTHER SUSPECTED PERSON ADMISSIBLE, THERE BEING EVIDENCE THAT DEFENDANT COMMITTED ROBBERY.—Where there is evidence tending to show that defendant is one of three persons who committed a robbery, a gun taken from prosecuting witness and found in the possession of two other suspected persons is admissible, as it would aid in placing all three of these persons at the scene of the robbery.

4. CRIMINAL LAW—GENERALLY EVIDENCE OF COMMISSION OF CRIME OTHER THAN ONE CHARGED NOT ADMISSIBLE.—Generally, evidence tending to show the commission by accused of a crime, entirely distinct and independent of that for which he is on trial, is neither relevant nor admissible.

5. CRIMINAL LAW—EVIDENCE OF COMMISSION OF ANOTHER CRIME ADMISSIBLE TO SHOW IDENTITY, INTENT, MOTIVE AND COMMON SCHEME.—Evidence of the commission of a crime other than the one charged is admissible to show motive, intent, the absence of mistake, a common scheme for the commission of more than one crime and the identity of the person charged with the commission of the crime on trial.

6. CRIMINAL LAW—EVIDENCE THAT DEFENDANT COMMITTED ROBBERY TWO DAYS BEFORE ROBBERY IN QUESTION HELD INADMISSIBLE.—Evidence that defendant was one of three men who committed a robbery two days previous to the robbery in question, *held* inadmissible to identify defendant as one of three men who committed the robbery in question.

See 16 C. J., pp. 586, 588, 589, 590, 591, 610, 618.

**7.** •CRIMINAL LAW — EVIDENCE THAT DEFENDANT'S AUTOMOBILE WAS USED IN THE COMMISSION OF ROBBERY HELD NOT TO RENDER ADMISSIBLE EVIDENCE THAT DEFENDANT HAD PREVIOUSLY USED HIS AUTOMOBILE IN COMMISSION OF ROBBERY.—Evidence that defendant's automobile was used by three men in the commission of the robbery in question *held* not to render admissible evidence that defendant and two men used defendant's automobile in the commission of a robbery two nights previous to the robbery in question.

APPEAL from a judgment of the Superior Court of the County of Maricopa. R. C. Stanford, Judge. Reversed and remanded.

Mr. J. J. Cox, for Appellant.

Mr. W. J. Galbraith, Attorney General, and Mr. R. E. L. Shepherd, County Attorney, for the State.

McALISTER, C. J.—D. T. Dorsey, H. E. Briley and Tom Hatton were jointly accused by information of the crime of robbery, and appellant, Dorsey, in a separate trial, was convicted and given an indeterminate sentence in the state prison of not less than five nor more than six years. He appeals from this judgment and the denial of his motion for a new trial.

On January 17, 1922, about 11 o'clock at night, while riding along Thomas Road about 100 feet west of Central Avenue, just north of the city of Phoenix, R. J. McAndrews was overtaken by an automobile in which three men were riding, and, as its occupants seemingly wanted to pass, he turned to one side to permit them to do so, but when they came about even with him one of them pointed a revolver at him and ordered him to throw up his hands. He complied, and he and the lady with him were directed to get out of their car and stand about ten feet back of it, where he was searched by one of the three and $2.50 in money taken from his person. They then took a 45-caliber Colt's revolver from his car, dis-

connected the wires from his spark plugs, and rode away. A few days afterwards the premises of appellant on East Lincoln Street, Phoenix, were searched, and the Overland car in which the three men were riding at the time of the robbery found in his garage. The revolver belonging to McAndrews and taken from his car by them was also found in one room of appellant's house, though this particular room was leased to, and occupied by, appellant's codefendants, Briley and Hatton. McAndrews was unable to identify any one of the three as having participated in the holdup, though he testified that Hatton resembled both in appearance and voice the one who held the revolver on him and directed the robbery, but he was positive in his identification of the car. He was not present at the trial, but a transcript of his testimony at the preliminary hearing, and the reporter's notes of that given at the separate trial of Hatton, were read to the jury.

Under this state of facts the revolver was offered in evidence by the county attorney and its admission objected to by appellant, upon the ground that there was no testimony showing that it had ever been in his possession, under his control, or in any way connected with him, but the objection was overruled and the gun admitted, after the prosecuting attorney had stated that he had a man who would positively identify Dorsey as one who had held him up in point of time close to this, the court remarking that "it was admissible as having been found in a certain place."

W. T. Smith was then placed on the stand and asked concerning a robbery of himself two nights previously, and appellant objected to the question as immaterial and irrelevant, but the court stated that it was admissible for the purpose of identification; that is, we take it, to identify appellant as one of

the three who robbed McAndrews on the night of January 17th. Smith then testified that he was held up by three men in an automobile on January 15, 1922, near the same place and about the same hour as McAndrews—10:30 or 11 o'clock at night. He identified appellant as the driver of the car but the other two were masked and not recognizable, though their general appearance and size led him to believe them appellant's codefendants, Hatton and Briley. He also identified the Overland car found on appellant's premises the day of the search as the one in which the three men were riding when they held him up.

The admission of the gun and the testimony of Smith is the principal error assigned. The propriety of the ruling admitting the gun, however, which was prompted largely by the avowal that Smith would testify as he did, rests upon the correctness of the court's action in permitting evidence of the robbery of another person by appellant two days before the commission of the offense charged. The fact that the gun was in appellant's house soon after the robbery did not, under the circumstances, show possession in him, since it was found in the room leased to and occupied by Hatton and Briley who were in possession of the property in this room not belonging to the owner of the house, and who, because of this possession, were presumed to be its owners and to have taken it there themselves. The presumption of ownership in them, it is true, was overcome by the showing that it was the property of McAndrews, but there is nothing in the record having this effect on the presumption that they took it there. The mere fact that appellant's car was used by Hatton and Briley at the time of the robbery, without a showing as to who the third participant was, is not sufficient to do this. But if evidence of what occurred on the

night of January 15th had, as claimed for it, the effect of identifying or of materially aiding in the identification of Dorsey as one of the participants in the robbery of January 17th, there was no error in admitting the gun, though not found in the possession of appellant, because it would place, or aid in placing him, along with Hatton and Briley, at the scene of the robbery of McAndrews on the night of the 17th. The chief question presented then is whether the court properly admitted the evidence of Smith.

The general rule is that, in the prosecution of one accused of a particular offense, evidence showing or tending to show the commission by accused of another crime entirely distinct and independent of that for which he is on trial, even though it be a crime of the same class, is neither relevant nor admissible. This rule is so universally accepted, that it is unnecessary to cite authorities supporting it, though a number of them may be found in 16 C. J. 586, and the reasons for it are well stated in *Crowell* v. *State*, 15 Ariz. 66, 136 Pac. 279. It is based upon the principle that it is not proper to raise—

"a presumption of guilt, on the ground that, having committed one crime, the depravity it exhibits makes it likely he would commit another. It may be easier to believe a person guilty of one crime if it is known that he has committed another of a similar character, or, indeed, of any character; but the injustice of such a rule in courts of justice is apparent. It might lead to convictions, upon the particular charge made, by proof of other acts in no way connected with it, and to uniting evidence of several offenses to produce conviction for a single one. Again, evidence of other crimes compels the defendant to meet charges of which the indictment gives him no information, confuses him in his defense, raises a variety of issues, and thus diverts the attention of the jury from the one immediately before it, and, by showing the defendant to have been a knave on other occasions, creates

a prejudice which may cause injustice to be done him.'' 8 R. C. L. 198.

To this general rule, however, there are certain well-recognized exceptions, in which evidence of other crimes is competent to prove the specific crime charged. This is true when it tends to establish: (1) Motive; (2) intent; (3) the absence of mistake or accident; (4) a common scheme or plan embracing the commission of two or more crimes, so related to each other that proof of one tends to establish the others; (5) the identity of the person charged with the commission of the crime on trial. *Crowell* v. *State, supra; People* v. *Molineux,* 168 N. Y. 264, 62 L. R. A. 193, 61 N. E. 286.

The evidence of Smith was neither offered nor received to show motive, intent, absence of mistake or accident, or a common scheme or plan, but to identify appellant as one of the robbers of McAndrews, his defense being an alibi. It is not apparent, however, how proof of appellant's participation in the robbery of Smith on the 15th could identify him as the person who helped Hatton and Briley rob McAndrews on the 17th, or how it could tend to do so. They were separate, distinct, unconnected offenses committed two days apart, and there was nothing peculiar or novel in the method followed that would aid in pointing to him as one of the guilty parties in both instances. So far as the record discloses, there may have been six different men involved in the two robberies. The evidence goes merely to this extent, Hatton and Briley, accompanied by an unknown man, robbed McAndrews on the 17th, and two unknown men accompanied by appellant robbed Smith on the 15th. Two of the participants in the first robbery and one in the second are unknown, and there is no showing of any close acquaintanceship or previous dealings between Hat-

ton and Briley and appellant that would lead to a suspicion even that the two former on the 15th and the latter on the 17th were the unknown participants in the robberies of those respective dates. The transaction by which appellant rented one room of his house to Hatton and Briley a short while before this is the only occasion on which they are shown to have been together or to have engaged in conversation even.

But reliance is had chiefly upon one incident common to both occasions to render admissible evidence of appellant's participation in the robbery of the 15th, and that is the fact that his car was used on this date as well as on the 17th, but this fact alone or even coupled with the fact that he drove it on the night of the 15th does not prove that he was the man who drove it also on the night of the 17th, or that he was the unknown participant in that robbery, because many people understand operating Overland cars. Such evidence sheds no light on appellant's connection with the robbery for which he was being prosecuted and should not have been admitted. The fact that his car was used on this particular night was admissible, but proof of its use by him on the other occasion served only to prejudice the jury against him. The circumstances surrounding both crimes are such that they do not bring that of the 15th within any one of the exceptions to the general rule forbidding the introduction of testimony of an offense separate and distinct from that for which the defendant is being prosecuted.

The judgment is reversed, and the case remanded, with directions to grant a new trial.

ROSS and LYMAN, JJ., concur.