[Criminal No. 955. Filed October 30, 1944.]

[152 Pac. (2d) 669.]

THE STATE OF ARIZONA, Appellee, v. ART BYRD, Appellant.

Mr. Joe Conway, Attorney General, Mr. Thomas J. Croaff, Assistant Attorney General, Mr. Frank E.

Tippett, County Attorney, and Mr. D. E. Rienhardt, Deputy County Attorney, for Appellee.

Messrs. Lewkowitz & Wein, for Appellant.

ROSS, J.—Art Byrd was convicted in the superior court of Gila County of the crime of rape, committed on or about July 31, 1943, upon one Noree Livingston, a female not his wife, under the age of eighteen years, to-wit, of the age of sixteen. From a sentence to the state prison of not less than five nor more than six years he has appealed.

By his assignment of error number one he questions the sufficiency of the evidence to sustain the conviction. On this point the prosecutrix testified that appellant took her for a drive at night into an out-of-the-way place, stopped his automobile and committed the act. Appellant admits that he and the prosecutrix took the drive to the country and stayed out until about 11 P. M. She says 2 A. M. the following morning, but he testified he had no sexual intercourse with the prosecutrix at that time or any other time.

Dr. T. C. Harper testified that he examined Noree Livingston a few days before the trial and he "found that her hymen had been destroyed, completely gone. Her vagina was of a size that would lead me to believe it had been entered many times." He said the condition described could have been caused by natural sexual relations or masturbation.

We think, under the circumstances as related, the question of the veracity and truthfulness of these two witnesses was one for the jury. The evidence is quite certain that the prosecutrix had been violated, and the opportunity for the appellant to have done what he is charged with doing, and the circumstances of their staying out so late at night, and their subsequent action, was a matter for the consideration of

the jury. *State* v. *Pollock,* 57 Ariz. 415, 114 Pac. (2d) 249.

Appellant seems to rely for comfort upon what we said in *Reidhead* v. *State,* 31 Ariz. 70, 250 Pac. 366. The information in that case charged the rape was committed by force and violence, and there was no pretense that the will of the prosecutrix was overcome by force or violence of any kind. We held that the conviction upon evidence that failed to show resistance to the utmost of the prosecutrix's ability, she being over eighteen years old, would not sustain a conviction. In that connection, we used the following cautionary language:

"And when a verdict of guilty is returned on the evidence of the prosecutrix alone, her story must be reasonable, consistent, and not inherently impossible or improbable to a degree that would make it incredible to the ordinary man. (Citing cases)."

The rule announced in that case has no application to a case of this kind where the consent of the prosecutrix, on account of her age, would not relieve the appellant from the criminal offense, she being unable to give consent.

The evidence is uncontradicted that she had been to appellant's cabin on different occasions, had gone with him to Casa Grande once, to Whiteriver once, and to Nogales once. Thus appellant's associations with the prosecutrix were such as to afford many opportunities, and we cannot, in view of the facts and circumstances, sustain the contention of the appellant that the prosecutrix's story is unreasonable, inconsistent and inherently impossible or improbable.

After the appellant had put on his case, the prosecuting attorney called as a witness on rebuttal one Floy Hill who testified that the reputation of the appellant as being a peaceful, law-abiding citizen was

bad. Then she was asked the following question: "You have had some personal dealings with him?" which was objected to by appellant's counsel, and the court said: "Well, I think perhaps the question is proper. It may be leading up to something. She may answer." Upon the question being repeated by the prosecuting attorney, she answered "Yes." "Question. Did he ever make an attack on you?" This was objected to by appellant's counsel who asked the jury be instructed to disregard it. The court's ruling was in these words: "The jury is instructed to disregard the question put by Mr. Rienhardt to the witness."

The appellant assigns the court's ruling as prejudicial error. The object of the question, of course, is apparent to anybody. It was to show that appellant had committed, or attempted to commit, a crime against the witness who was testifying, and the jury's verdict doubtless was influenced by this testimony. This evidence was unquestionably prejudicial to appellant. It and all of it should have been rejected by the court.

In the case of *Byers* v. *State* (Okl. Sup.), 147 Pac. (2d) 185, 188, the court said:

"The general rule is that in a prosecution for one crime it is not proper to admit testimony against the defendant tending to connect him with the commission of other offenses for the purpose of establishing the guilt of the offense charged. However, there is an exception to the general rule that such evidence is competent when it tends to establish a systematic scheme or plan so related to each other that the proof of one tends to establish the other. . . .

"The fact that one person may commit similar crimes does not justify the admission of the other identical offenses if they are independent of each other. Where the trial court cannot clearly see a visible connection between the alleged other offenses to the one charged, he should refuse to admit the

other offenses in evidence. If the trial court is uncertain as to the admissibility of such evidence, he should give the benefit of such doubt to the defendant as it is manifestly unfair to the accused to force him to prepare to defend himself against any collateral crime other than the one charged against him in the information. Juries are too prone, when such other offenses are admitted in evidence, to find an accused guilty of the crime charged merely because he might have committed some other offense."

It is true the trial judge did not permit the witness to answer the last question, "Did he ever make an attack on you?" but he did not, and could not, erase from the jury's mind the witness' answer to the effect that she had had personal dealings with appellant herself, and that such "personal dealings" consisted of an attack on her by the appellant. Testimony of the kind injected and attempted to be injected into the case, we think, is universally condemned. *State* v. *Devlin,* 145 Wash. 44, 258 Pac. 826; *State* v. *Pryor,* 67 Wash. 216, 121 Pac. 56. In *Walker* v. *State,* 23 Ariz. 59, 201 Pac. 398, 400, this court said:

" . . . The appellant was being prosecuted for the crime of rape committed against the person of Ruthie May Brakebill, and the perpetration of other crimes of a similar nature against other persons than she was wholly beside the issue, the crime charged—forcible rape—not being one in which the similar offense rule obtains. There could have been, therefore, no purpose in asking these questions other than to get before the jury certain statements in the guise of questions, that would be highly prejudicial to the appellant but which the assistant county attorney must have known were inadmissible for any purpose, even though he may have been convinced they were true."

See also *State* v. *Putney,* 110 Or. 634, 224 Pac. 279.

The court has recognized the exception mentioned in *Byers* v. *State, supra,* in the case of *Taylor* v. *State,* 55 Ariz. 13, 97 Pac. (2d) 543, but the facts in

this case do not bring it within the exception named. It was an effort on the part of the county attorney to prove the appellant had committed, or attempted to commit, a different offense than the one charged in the information upon a different party at a different time—two independent and unrelated acts, to only one of which appellant was given an opportunity to prepare a defense. 8 R. C. L. 198, sec. 194; 22 C. J. S., Criminal Law, p. 1084, § 682. Unquestionably the testimony of Floy Hill was very damaging to appellant, and the ruling of the court in instructing the jury to disregard the last question asked her did not cure the error.

We think the ruling of the court permitting the questions to be asked Miss Hill was error and prejudicial, and for that reason the judgment is reversed and the case remanded for a new trial.

McALISTER, C. J., and STANFORD, J., concur.