393 P.2d 670

**STATE of Arizona, Appellee,**

**v.**

**Johnny GORTAREZ, Appellant.**

**No. 1278.**

Supreme Court of Arizona,

In Division.

June 24, 1964.

Robert W. Pickrell, Atty. Gen., by David M. Lurie, Asst. Atty. Gen., Charles N. Ronan, Maricopa County Atty., for appellee.

Duane W. Bolze, Phoenix, for appellant.

BERNSTEIN, Justice.

Defendant was charged with two counts of possession of marijuana and two counts of the sale of marijuana. The counts pertaining to the possession of marijuana were quashed and defendant was convicted on the two counts pertaining to sales. Defendant was sentenced to from 5 to 7 years on each count with the sentences to run concurrently.

Defendant contends (1) that testimony introduced at the trial that he had smoked marijuana was prejudicial, (2) that evidence of possession of marijuana, a crime different than that charged, was improperly admitted, (3) that the prosecution was improperly allowed to amend the information to change the date on which one of the crimes was allegedly committed. The defendant's contentions will be considered in the order heretofore set forth.

On redirect examination by the prosecutor of a witness for the state the following took place:

"Q Have you ever seen the defendant smoke marijuana?

"A Yes.

"MR. BOLZE: I object, your Honor. Your Honor, I not only object, but at this time I move the court that the answer be stricken, and I would like to also make another motion in support of this.

"THE COURT: Well, the objection will be sustained. The answer will be stricken and the jury instructed to disregard the answer."

Defendant then made a motion the nature of which does not appear from the transcript but which he contends in his brief was a *motion for a mistrial. This motion was taken* under advisement and not ruled upon.

Evidence of smoking marijuana is so prejudicial in a case where the charge is for the sale of marijuana that the case must be reversed unless there is a showing that it comes within one of the recognized exceptions to the proof of other crimes. State v. Little, 87 Ariz. 295, 350 P.2d 756, 86 A.L.R.2d 1120. One admission of using narcotics is sufficient to require a reversal, Helton v. U. S., 5 Cir., 221 F.2d 338. The state argues, however, that the admonition of the trial judge and a general charge that the verdict was to be governed solely by

evidence introduced and the law as stated by the court is sufficient to cure the error.

In State v. Kellington, 93 Ariz. 396, 398, 381 P.2d 215, 216, where there had been testimony of a prior conviction not introduced for purposes of impeachment we said:

"* * * The damage had been done, for the effect of such testimony, having no relation to the crime charged, was to create in the minds of the jury an impression that the defendant's character was bad; and *no admonition by the court could expunge this prejudicial attribute.*" (Emphasis added.)

We also said that the testimony was " 'like the bell that cannot be unrung or the whistle that cannot be unblown.' " 93 Ariz. at 398, 381 P.2d at 217.

State v. Byrd, 62 Ariz. 24, 29, 152 P.2d 669, 671, was a case in which the prosecutor had asked a state's witness a question an affirmative answer to which would have shown a different offense than that which the defendant was charged. We said:

"It was an effort on the part of the county attorney to prove the appellant had committed, or attempted to commit, a different offense than the one charged in the information upon a different party at a different time * * * *the ruling of the court in instructing the jury to disregard the last question asked her did not cure the error.*" (Emphasis added.)

And in Helton v. U. S., 5 Cir., 221 F.2d 338, 340–341:

"It is admitted, of course, that, as a general rule, evidence which is withdrawn from the consideration of the jury by the direction of the trial judge may not serve as a basis for reversible error, that the direction of exclusion by the court cures any error which may have been committed in its introduction. * * * But where, as here, the improper evidence was calculated to make such an impression on the jury that no direction from the court, however, strong, can eliminate the prejudice thereby created, the trial court must declare a mistrial."

■ While what we have said requires that the case be sent back for a new trial we discuss defendant's other contentions for the guidance of the trial court. At one point in response to a question by defense counsel the state's principal witness, a narcotics agent, testified:

"Q Well, my question still is at any time did you see any cigarettes anywhere?

"A Yes, I saw Mr. Johnny Gortarez the time he get the bunch of cigarettes in the pocket of the coat.

"Q Well, would you repeat that again, that answer?

"A I saw Mr. Johnny Gortarez a few times he got about 15 or 20 cig-

arettes in his pocket, but I never tried to buy anything from him."

The inadmissible testimony given by the narcotics agent was called for by the questions of defense. Defense counsel opened the door as to this testimony.

"A party may not invite error at the trial and then assign it as error on appeal." State v. Paramo, 92 Ariz. 290, 294, 376 P.2d 554, 556.

See also Riley v. State, 50 Ariz. 442, 73 P.2d 96.

Appellant complains of other instances in which there was testimony as to his possession of marijuana. It appears that the testimony as to possession had to do with his having marijuana available to sell immediately prior to the sale, and in fact did sell the marijuana in his possession. It was these sales with which he was charged. We think it would be difficult to prove the sale of marijuana without showing that the defendant had marijuana in his possession to sell at the time of sale.

Appellant's contention that the prosecution was improperly allowed to amend the information need not be discussed as the case must be retried and thus the question no longer exists.

Reversed and remanded for a new trial.

UDALL, C. J., and STRUCKMEYER, J., concurring.