406 P.2d 734

**The STATE of Arizona, Appellee,**

v.

**Juan ARROYO, Appellant.**

**No. 1488.**

Supreme Court of Arizona,

En Banc.

Oct. 22, 1965.

Darrell F. Smith, Atty. Gen., Robert W. Pickrell, Former Atty. Gen., Stirley Newell, Former Asst. Atty. Gen., for appellee.

Louis L. Zussman, Phoenix, for appellant.

McFARLAND, Justice.

This is an appeal from the conviction and sentence of Juan Arroyo, hereinafter referred to as defendant, for the crime of two illegal sales of heroin, in violation of A.R.S. § 36–1002.02, as amended in 1961. Defendant was sentenced to serve not less than fifteen years, nor more than twenty years on each count, to run concurrently. From this judgment and sentence he appeals.

Defendant, on February 19, 1963, at approximately 8:30 p. m., walked into the Phoenix apartment of one Jesse Saenz, an undercover agent for the narcotics section of the State Department of Liquor Licenses and Control. Roy Madrid, another employee of the narcotics section of the same state office, was present with Jesse Saenz. After a brief conversation, defendant asked Saenz if he was interested in buying some "cargo," slang for heroin. Saenz answered no, but suggested that his friend "Mike" (Madrid) might be interested. Thereafter,

defendant sold Madrid one "paper" of heroin for $10.00. On February 26, 1963, in approximately the same vicinity of Phoenix, Madrid and Saenz were conversing in Madrid's parked car when defendant approached. Madrid asked defendant if he had any heroin for sale. Defendant replied that he did not have any at that moment, but if Madrid would drive him to 9th Place and Tonto, he would get Madrid a "paper." Madrid drove defendant to the address noted, whereupon defendant left the car, returning a few minutes later with some heroin which he sold to Madrid for $10.00.

Defendant was first brought to trial in September 1963, which resulted in a "hung jury." Defendant was re-tried and convicted in January of 1964, and thereafter this appeal was filed. Defendant admitted two prior convictions—the first in 1954 for passing a bogus check for which he was placed on probation, and the second in 1960 for which he was placed on two years probation for the crime of illegal possession of narcotics.

█ Defendant presents five assignments of error. The first was that the court erred in denying defendant's motion for mistrial based upon testimony of the witness, Roy Madrid, in answer to questions on voir dire, as follows:

"A The defendant comes up to the door and knocks at the door. Mr. Jessie Saenz answers the door and invites the defendant in. They greet each other. He talks to—he asked Mr. Jessie Saenz if he needed any—this is a slang word—cargo—and Mr. Jessie Caldera Saenz said he didn't want any but maybe friend, his buddy 'Mike', referring to me 'Mike', and we talked about the—the term that I might use here, Your Honor, maybe highly prejudicial to the defendant. It might put some words—

"THE COURT: Well, I don't know what your conversation is. Do you know what you are trying to elicit, Mr. Rapp? You asked him to give the conversation.

"MR. RAPP: No, just give the material and competent parts of the discussion.

"THE WITNESS: I asked him if he had any marijuana to sell, and he says he didn't deal in marijuana but that there was a man by the name of Tonto, with the nickname of Turtle, that would deal in that, that he only dealt in heroin."

It will be noted that it was counsel for defendant who insisted on the answer after a warning by the witness, Madrid, that the testimony might be prejudicial against defendant. The defendant claims the reference to marijuana was prejudicial. However, we do not agree that this was prejudicial, as the defendant was asked about marijuana, and the answer was in

the negative. We have held in previous cases that, where a defendant answered "no" to similar questions, such questions and answers were not prejudicial—that the inference was favorable to defendant, and that the court did not abuse its discretion in denying motions for mistrial. State v. Rascon, 97 Ariz. 336, 400 P.2d 330; State v. Curry, 97 Ariz. 191, 398 P.2d 899; State v. Gortarez, 96 Ariz. 206, 393 P.2d 670.

Defendant next contends, under assignment two, that the denial of the motion for mistrial was error, based upon the following testimony elicited by the deputy county attorney upon re-direct examination of Madrid:

"A This particular time we was working on a series of narcotics investigations. We had a man that was a prior user, prior seller and the people we was working on was around this particular neighborhood.

"THE COURT: Make it as brief as you can. Explain the reason for not using marked money in this transaction. I thought you might be getting afield. Just tell them why it wasn't marked.

"A We had an area that by arresting one person the rest of them would have known who the informant was or who the agent was and we could not take this chance. So we have the policy of having a round-up at a later time after we feel that such an investigation has been completed and to have arrested Mr. Arroyo or any one individual at any one time would have disclosed or identified Mr. Saenz or myself, so we waited until we was able to complete our investigation which included several other arrests."

Defendant claims that this testimony would have the effect of leading the jury to convict defendant by virtue of his association with a neighborhood filled with users and sellers of narcotics. We do not agree with this interpretation of the testimony. Each statement must be examined as to its possible effect on the jury. The reference to "a prior user, prior seller and the people we was working on was around this particular neighborhood" was clearly directed towards identifying, not the defendant, but rather, the state's informer Saenz. This reference becomes clear when viewed in the light of Madrid's statement was to why marked money was not used. A statement in regard to working on other cases could not be prejudicial to defendant. It is well known that investigators work on many cases at once, and any juror would understand this.

Defendant in his third assignment of error contends the court erred in denying his motion for mistrial based upon the following testimony of Madrid on re-direct examination, to-wit:

"A Who is the team that is working on it. It would be the team.

"Q In this case, the team was who?

"A A. F. Barrios, Ed Rekos, Jessie Saenz and myself.

"Q And it wouldn't necessarily then be the initials made by the person himself, is that correct?

"A That is correct.

"Q Did Mr. Barrios have anything to do with either of these two cases?

"A Not to my knowledge.

"Q You have indicated he was on the team. Would you explain what you mean?

"A Well, we had started working at that particular series together as a team. We had done a lot of work."

As we have pointed out under assignment two, defendant could not have been prejudiced by such testimony. Certainly the narcotics department was working on more than one case, and such fact would surely have been obvious to the jurors. There is absolutely no reference to defendant in this testimony outlining the work of the narcotics section.

Assignment of error four is based on the following re-direct examination of A. F. Barrios:

"A When a purchase is brought in.

"Q You would sign it if you were there?

"A Yes.

"Q Were you working on many cases at that time?

"A Quite a few. Over twenty of them. We had a lot of cases at that time."

This could not be prejudicial error for the reasons pointed out under assignments of error two and three. Again this court cannot agree with defendant that this statement had a prejudicial effect as to defendant. There is no direct or indirect reference to defendant whereby he was prejudiced. The whole import of the statement objected to is that defendant's case was one of many being worked on by the department. It is an unreasonable interpretation of this statement to declare that its effect upon the jury would be to lead the jury to believe that defendant was involved in "a lot of cases at that time."

■ Defendant in his fifth assignment of error contends that the trial court erred when it denied defendant's motion for mistrial and a directed verdict at the close of the state's case. Defendant's motion was based upon the grounds that the statements objected to in assignments one through four had a cumulative prejudicial effect of infecting the jury, and thereby denied defendant a fair trial. We find that we cannot agree with defendant. Having found that defendant's assignments one through four were without merit, we cannot subscribe to the assertion that their over-all

and cumulative effect was to prejudice the jury, and thereby deny defendant a fair and impartial trial.

Defendant, in his brief, contends that other crimes were inferred in the quoted testimony upon which his assignments of error are based. Such a contention is unfounded. The evidence shows that defendant was given a fair and impartial trial. State v. Moreno, 92 Ariz. 116, 374 P.2d 872.

Judgment affirmed.

LOCKWOOD, C. J., STRUCKMEYER, V. C. J., and BERNSTEIN and UDALL, JJ., concur.