508 P.2d 1165

STATE of Arizona, Appellee,

v.

Daniel Pena MARTINEZ, Appellant.

No. 2472.

Supreme Court of Arizona,
In Division.

April 26, 1973.

Gary K. Nelson, Atty. Gen., Phoenix, by Howard L. Fell and John S. O'Dowd, Asst. Attys. Gen., Tucson, for appellee.

Wayne A. Cypert and Robert Martin, Nogales, for appellant.

HAYS, Chief Justice.

The defendant, Daniel Pena Martinez, was charged on September 16, 1971, with seven felonies connected with various burglaries committed in Nogales, Arizona. He was tried by a jury and was found not guilty of Counts I, II, III, and IV. He was found guilty of Counts V, VI and VII. Martinez was sentenced to from twelve to fifteen years on Count V and to from twelve to fifteen years on Count VI, to run concurrently. He was sentenced to from twelve to fifteen years on Count VII to run consecutively to the sentences for Counts V and VI.

Martinez argues four issues on appeal; however, we need respond to only one of these.

The clerk of the court, in reading the information in the instant case, read, in part, as follows:

The State of Arizona, Plaintiff, vs. Daniel Pena Martinez, Defendant.

Information for First Degree Burglary and Grand Theft, Seven Counts, Felonies *with Prior Convictions* (emphasis added).

Counsel for the defendant moved for mistrial immediately after the reading of the information on the grounds that prior convictions of the defendant were mentioned. The court offered to instruct the jury to disregard the statement, and the defense attorney expressed the view that mention of it by the court would not cure the defect, but would only emphasize it further. The prosecuting attorney agreed that a mistrial was in order. The court denied the motion for mistrial.

The reading of the prior convictions section of the indictment clearly was not testimony offered for the purposes of impeachment and did not fall within any of the usual exceptions to the rule excluding a reference to prior crimes. State v. Gallagher, 97 Ariz. 1, 396 P.2d 241 (1964). The effect of information of a prior conviction is to create in the minds of the jury an impression that the defendant's character is bad, and attempts to cure the error by admonition merely compound the problem. State v. Gortarez, 96 Ariz. 206, 393 P.2d 670 (1964). The facts in the case before us present the kind of situation most likely to prejudice the defendant's case: Where a third party (here, the court clerk) brings the indication of prior convictions before the jury, the information appears to be coming from a neutral source and its admission is not tempered by normal protective procedures. Marshall v. United States, 360 U.S. 310, 79 S.Ct. 1171, 3 L.Ed. 2d 1250 (1959). (*Marshall* dealt with jurors who read newspaper accounts of the defendant's previous convictions). Under the standards established by this court in *Gallagher* and *Gortarez, supra,* declaration of a mistrial was mandatory when the defense objected to the clerk's mention of prior convictions. We must, therefore, reverse the conviction, vacate the sentences and remand for a new trial.

CAMERON, V. C. J., and STRUCK-MEYER, J., concur.