518 P.2d 116

**The STATE of Arizona, Appellee,**

v.

**Joseph Riley GREEN, Appellant.**

**No. 2660.**

Supreme Court of Arizona,
In Banc.

Jan. 28, 1974.

Rehearing Denied March 5, 1974.

Gary K. Nelson, Atty. Gen. by Cleon M. Duke, Asst. Atty. Gen., Phoenix, for appellee.

Lawrence C. Cantor, Phoenix, for appellant.

CAMERON, Vice Chief Justice.

This is an appeal from a jury verdict and judgment of guilty for the crime of sale of narcotic drugs, § 36–1002.02 A.R.S., as amended 1961. Imposition of sentence was suspended and the defendant placed on three years probation.

Although the defendant raises several matters on appeal, we feel it necessary to answer only one question and that is whether the defendant was denied a fair and impartial trial because of the statement of the witness for the State on cross-examination that defendant was a known dealer in narcotics.

The facts necessary for a determination of this matter on appeal are as follows. Defendant was approached by an undercover narcotics agent of the City of Phoenix, Arizona, and was asked if he would sell the agent some narcotics. Defendant stated that he could not, but that if the agent would come back later some arrangements might be made. The narcotics agent, together with another agent and an informant, returned and the defendant obtained two packets of heroin from a female in the house and gave them to the officer in exchange for $20 which the defendant allegedly gave to the female. Defendant contends that he was not an actual supplier of the narcotics and that he did not receive any money therefor. Defendant was indicted by a grand jury. At trial, he interposed a defense of entrapment although he did not take the stand himself.

During the hearing before the grand jury, a witness for the State, Detective

David Guzzetta, was asked the following questions:

"Q Mr. Guzzetta, calling your attention to the 26th day of May, 1972, did you have occasion on that day to meet with one Joseph Riley Green?

"A Yes, sir.

"Q Where did you meet him?

"A I met him at 3420 East Cambridge.

"Q Is that in Maricopa County?

"A Yes, sir.

"Q Approximately what time did you meet him on that day?

"A I arrived there approximately 11:20 p. m.

"Q What was your purpose in going to that location at that time?

"A To buy narcotics."

During the trial in front of the jury, the same officer was asked the following questions on cross-examination:

"Q Did Mr. Snavely aid or help in any way you in the case?

"A He introduced us to Mr. Green.

"Q Aha, for what purpose?

"A Mr. Green was known to us as a dealer in narcotics."

Immediately counsel for the defendant moved for a mistrial. During the argument on the motion for a mistrial the attorney for the State indicated that the complete answer of Mr. Guzzetta would have been:

"A. Mr. Green was known as a narcotics dealer and user to us and in order to be able to make contact with Mr. Green someone had to introduce us."

The trial court denied the motion for mistrial and struck the answer, but did not instruct the jury at that time to disregard the statement. The court did charge the jury during final instructions as follows:

"Any reference to other matters outside of this particular alleged offense may not be and shall not be considered by you in your deliberations."

Defendant was given a suspended sentence and placed on three years probation and appeals from the verdict and judgment of guilt.

■ The general rule in Arizona has long been:

"* * * in the prosecution of one accused of a particular offense, evidence showing or tending to show the commission by accused of another crime entirely distinct and independent of that for which he is on trial, even though it be a crime of the same class, is neither relevant nor admissible." Dorsey v. State, 25 Ariz. 139, 143, 213 P. 1011, 1012 (1923). See also State v. Hughes, 102 Ariz. 118, 426 P.2d 386 (1967); State v. Byrd, 62 Ariz. 24, 152 P.2d 669 (1944); State v. Little, 87 Ariz. 295, 350 P.2d 756 (1960).

There are exceptions to this rule as, for example, when the evidence is competent to prove the specific crime charged, State v. Byrd, supra; State v. Hardin, 99 Ariz. 56, 406 P.2d 406 (1965); State v. Hughes, supra; State v. DeVinney, 98 Ariz. 273, 403 P.2d 921 (1965); State v. Schmid, 107 Ariz. 191, 484 P.2d 187 (1971); State v. Moore, 108 Ariz. 215, 495 P.2d 445 (1972), or where the defense counsel purposely or negligently injects this allegedly prejudicial material. State v. Brewer, 110 Ariz. 12, 514 P.2d 1008 (1973); State v. Mercer, 13 Ariz.App. 1, 473 P.2d 803 (1970); State v. Cufio, 12 Ariz.App. 461, 471 P.2d 763 (1970).

■ In the instant case, we do not find that the statement is competent to prove the crime charged. State v. Schmid, supra. Neither do we find misconduct or negligence on the part of the defense counsel in asking the question for which he received a surprising answer and to which he promptly objected.

Although we do not require that a witness testify word for word in the same manner in which he testified at the grand jury hearing, we believe that defense counsel has the right to rely upon the general responses made by the witness at the grand

jury hearing, and that the surprise answer that he received is not chargeable to defense counsel's negligence. In a trial for the sale of narcotics in which the defense is entrapment, we feel that the remark made by the police officer was most certainly prejudicial. After a careful reading of the transcript of the trial, we are unable to say that the remarks did not, beyond a reasonable doubt, contribute to the verdict. Chapman, v. California, 386 U.S. 18, 87 S. Ct. 824, 17 L.Ed.2d 705 (1967).

Reversed and remanded for new trial.

HAYS, C. J., and STRUCKMEYER, LOCKWOOD and HOLOHAN, JJ., concur.