825 P.2d 975

**The STATE of Arizona, Appellee/Respondent,**

v.

**Israel Quidera PEREIDA, Appellant/Petitioner.**

**Nos. 2 CA–CR 90–0711, 2 CA–CR 91–0370–PR.**

Court of Appeals of Arizona, Division 2, Department B.

Jan. 23, 1992.

**452**

Grant Woods, Atty. Gen. by Paul J. McMurdie and Linda L. Knowles, Phoenix, for appellee/respondent.

Riley, Hoggatt & Suagee, P.C. by Wallace R. Hoggatt, Sierra Vista, for appellant/petitioner.

## OPINION

FERNANDEZ, Presiding Judge.

Appellant was found guilty of transporting for sale or importing into this state marijuana weighing eight pounds or more. He was sentenced to a mitigated 5.25–year prison term and ordered to pay a fine, including surcharges, totalling $277,425. Appellant subsequently filed a petition for post-conviction relief, which was denied after an evidentiary hearing. His appeal and his petition for review of the denial of post-conviction relief have been consolidated. We affirm.

Appellant was arrested in April 1990 as he crossed the border from Mexico into Arizona. The customs computer registered a code on appellant's license plate number, and a drug-sniffing dog subsequently alerted to the rear doors of appellant's van. The customs inspectors then recovered 135 pounds of marijuana concealed in 26 packages in five separate places in the van.

Appellant's defense was that he had gone to Mexico to attend a meeting about reorganizing a baseball team. He is a paraplegic confined to a wheelchair. He testified that he had had a minor problem with the power steering on the van and had permitted a person he had never seen before to take the van from the meeting in order to fix it. He also testified that he was unaware there was marijuana in the van.

Appellant contends that the trial court 1) committed fundamental error by admitting evidence of his finances, 2) erred in admitting evidence of the condition of his van three-and-a-half months after its seizure, 3) erred in denying a new trial on the ground of newly discovered evidence, 4) erroneously calculated the fine, and 5) erred in denying post-conviction relief based upon ineffective assistance of trial counsel.

## EVIDENCE OF APPELLANT'S FINANCES

In its case-in-chief, the state presented evidence that at the time of his arrest, appellant had $900 in cash and financial receipts showing that he had paid Transamerica Financial Services nearly $30,500 in five cashier's checks in a two-month period several months earlier. Appellant testified that the money to Transamerica paid off the mortgage on his house. He testified that his sources of funds for the mortgage payment were $9,717 in cash advances on his credit cards, $12,000 received from an insurance settlement five years earlier, $4,000 to $5,000 he had saved, and an unknown amount he had received from his children. He also presented evidence that he had paid $7,200 on one of his credit cards during the seven months before his arrest. Appellant testified that he has a third grade education and that, before his injury, he had previously worked in the lettuce fields as a worker and foreman. His monthly income at the time of trial was approximately $1,400. On redirect examination, appellant admitted that he did not keep his money in a bank because he did not want the government to reduce the amount of assistance it gave him.

Appellant's trial counsel did not object to the admission of evidence concerning appellant's finances. On appeal, therefore, this court may review the issue only for fundamental error. *State v. King,* 158 Ariz. 419, 763 P.2d 239 (1988). "Fundamental error is error of such dimensions that it cannot be said it is possible for a defendant to have had a fair trial." *State v. Smith,* 114 Ariz. 415, 420, 561 P.2d 739, 744 (1977). "[A]n Arizona appellate court should not reverse a case on the ground of fundamental error unless its analysis of the entire record permits it to set forth reasons clearly demonstrating that the case falls within our definition of fundamental error." *State v. Gendron,* 168 Ariz. 153, 155, 812 P.2d 626, 628 (1991).

Appellant contends that fundamental error was committed when the evidence of his finances was admitted, arguing that it was irrelevant to the offense charged, constituted improper character evidence, and was insufficient to submit to a jury.

■ Evidence of prior acts is not admissible to prove a defendant's character. Rule 404(b), Ariz.R.Evid., 17A A.R.S. The rule, however, permits evidence of other acts to show such things as motive, intent, and knowledge. Appellant stipulated that the packages found in his van contained marijuana in an amount sufficient for sale. Thus, the only issue for the jury was appellant's knowledge that the marijuana was in the van. A.R.S. § 13–3405(A)(4).

■ Appellant argues that the evidence was not relevant to the crime with which he was charged. We disagree. "[E]vidence concerning the possession of large amounts of currency is admissible where the defendant is charged with a crime in which pecuniary gain is the basic motive." *United States v. Bartley,* 855 F.2d 547, 550 (8th Cir.1988). "[E]vidence of unexplained wealth is relevant in a narcotics prosecution as evidence of illegal dealings and ill-gotten gains." *United States v. Grandison,* 783 F.2d 1152, 1156 (4th Cir.), *cert. denied,* 479 U.S. 845, 107 S.Ct. 160, 93 L.Ed.2d 99 (1986). *Accord United States v. Martinez,* 938 F.2d 1078 (10th Cir.1991); *United States v. Chagra,* 669 F.2d 241 (5th

Cir.), *cert. denied,* 459 U.S. 846, 103 S.Ct. 102, 74 L.Ed.2d 92 (1982); *United States v. Tramunti,* 513 F.2d 1087 (2d Cir.), *cert. denied,* 423 U.S. 832, 96 S.Ct. 54, 46 L.Ed.2d 50 (1975). In three of the cases appellant cites, there was no issue of the admissibility of evidence pursuant to Rule 404(b). Instead, they raised an issue of the propriety of comments or questions by prosecutors or police officers implying that the defendant had a criminal record. *State v. Bailey,* 132 Ariz. 472, 647 P.2d 170 (1982); *State v. Green,* 110 Ariz. 293, 518 P.2d 116 (1974); *State v. Smith,* 96 Ariz. 150, 393 P.2d 251 (1964).

In the fourth case, *State v. Gamez,* 144 Ariz. 178, 696 P.2d 1327 (1985), the supreme court found that the defendant's motion to preclude mention that the police officers were assigned to the major offenders unit should have been granted. That fact was found to have improperly suggested that the defendant had a criminal record; it also did not meet any of the exceptions of Rule 404(b). Nevertheless, it was found to be harmless error.

■ Appellant also argues that the evidence was inadmissible because the proof was insufficient to take to the jury, citing *State v. Mitchell,* 112 Ariz. 592, 545 P.2d 49 (1976); *State v. Hughes,* 102 Ariz. 118, 426 P.2d 386 (1967); and *State v. La-Grand,* 138 Ariz. 275, 674 P.2d 338 (App. 1983). We find the evidence sufficient here. Appellant admitted that the financial records correctly reflected the payments he had made. Several of the records he introduced himself. Thus, "the jury [could] reasonably conclude that the act occurred and that the defendant was the actor." *Huddleston v. United States,* 485 U.S. 681, 689, 108 S.Ct. 1496, 1501, 99 L.Ed.2d 771, 782 (1988); *see also State v. Turner,* 104 Ariz. 469, 455 P.2d 443 (1969).

We find no fundamental error in the admission into evidence of appellant's finances.

### INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

■ Appellant next contends that his trial counsel was ineffective because he failed

to object to the admission into evidence of appellant's finances and then compounded that error by having appellant testify as to how he had obtained the money to pay off his mortgage, which in effect resulted in an admission that he had committed welfare fraud. The issue was the primary basis for appellant's petition for post-conviction relief.

The court conducted an evidentiary hearing at which an attorney certified as a criminal law specialist testified that trial counsel's failure to anticipate the evidence and to move to preclude it fell below professional standards and seriously prejudiced appellant's case. The specialist conceded, however, that money is the motive in virtually all cases involving the transportation of large quantities of marijuana. He also acknowledged that proving motive is relevant and stated that he had no opinion on whether the trial court would have granted a motion if it had been made.

Trial counsel testified that he had not considered the issue of the admissibility of appellant's finances. He testified that after the evidence about the Transamerica payments came in, he made a strategic decision to question appellant about why he did not keep his money in a bank although counsel knew that appellant would testify he was hiding his money in order to protect his government assistance.

In order to establish a claim for ineffective assistance of counsel, a defendant "must show that trial counsel's performance fell below an objective standard of reasonably effective assistance under prevailing professional norms [and] . . . that, but for trial counsel's error, there is a 'reasonable probability' that the result would have been different." *State v. Valdez*, 167 Ariz. 328, 330, 806 P.2d 1376, 1378 (1991), quoting *Strickland v. Washington*, 466 U.S. 668, 694, 104 S.Ct. 2052, 2068, 80 L.Ed.2d 674, 698 (1984). "That appellate counsel now disagrees with [trial counsel's] strategy or claims errors in trial tactics is not enough to support a finding that the trial lawyer's conduct was incompetent." *State v. Oppenheimer*, 138 Ariz. 120, 123, 673 P.2d 318, 321 (App.1983).

■ The trial court found that trial counsel "did not fall below the standard necessary for competent representation" and that appellant had received a fair trial. We find no merit to appellant's contention that the trial court was required to find that counsel's performance was substandard because of the criminal law specialist's opinion. As with any opinion testimony, the court was free to reject it. The court also observed that although it might have granted a motion in limine to preclude the evidence in the state's case-in-chief, it would have permitted it on rebuttal. In view both of our earlier conclusion that the financial information was admissible and of the trial court's findings, we find no error in the denial of the petition for post-conviction relief.

## EVIDENCE OF SUBSEQUENT CONDITION OF VAN

■ Appellant contends that the court erred in denying his motion in limine, thus allowing the state to introduce photographs of his van that were taken three-and-one-half months after his arrest. The state also introduced photographs that were taken the night of the arrest. Appellant contends that the subsequent photographs were inadmissible because the van had been parked out in the rain in the police impound lot, a lot that has been broken into several times. The later photographs were introduced to show the duct tape found underneath the rear seat, the plexiglass replacements of the rear door panels, and the scratches and rust around the spring-loaded clips on the panels that were discovered in the subsequent inspection. The police officer testified that he was unable to say the van was in the same condition at the time of the second inspection as it had been at the time of the first one. The trial court did not permit the officers to state their opinions as to the significance of the evidence, but the prosecutor argued the inferences that could be drawn from it.

We disagree with appellant that there was no foundation for the admission of the subsequent photographs. The officer testified that those photographs reflected the

condition of the van at the time they were taken. The jury was aware that they had been taken three-and-one-half months after appellant's arrest. Any discrepancy in the van's condition goes to the weight of the evidence, not to its admissibility.

 Nor do we find merit to appellant's contention that the evidence constituted inadmissible prior bad acts evidence. The condition of a van appellant had owned for five years and in which he was caught transporting 135 pounds of marijuana was relevant to the charge on which he was tried. Evidence of that condition did not constitute prior bad acts evidence. We find no error.

## DENIAL OF MOTION FOR NEW TRIAL

Appellant moved for a new trial based on newly-discovered evidence. He presented an affidavit from a man who stated that he had replaced the rear door panels of appellant's van with plexiglass and secured them with duct tape because the panels were broken and rotten. The court denied the motion, finding that the additional evidence would not change the result if a new trial were granted. In view of the evidence presented at trial, we find no error in that ruling.

## VALUE OF MARIJUANA

Finally, appellant contends that the court had insufficient evidence upon which to base its imposition of a fine of three times the value of the marijuana, as required by A.R.S. § 13–3405(D). The state presented evidence that marijuana sold for $150 to $200 a pound in Mexico and that the price sometimes tripled when the marijuana crossed the border into Arizona. There was also testimony that marijuana sold for $600 a pound in Tucson and from $800 to $1250 in Prescott. The fine and surcharge assessed by the court were based on a value of $500 per pound. Appellant presented no evidence establishing a different price. The evidence was sufficient for the value the court assigned.

The judgment of conviction is affirmed, and the petition for review is denied.

HATHAWAY and LACAGNINA, JJ., concur.