39 F.3d 1186
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jose Able FIERRO, Petitioner-Appellant,
v.
Roger CRIST; Attorney General of the State of Arizona,
Respondents-Appellees.
 No. 93-16058.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 4, 1994.
Decided Oct. 28, 1994.
 
 Before: SKOPIL, SCHROEDER and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Jose Able Fierro appeals the district court's denial of his 28 U.S.C. Sec. 2254 habeas corpus petition challenging his convictions for first-degree murder and first-degree burglary. Fierro argues that a witness's in-court identification should have been excluded because it was tainted by an uncounseled, impermissibly suggestive pretrial identification procedure. He further argues that the admission of evidence concerning an earlier burglary violated his due process rights. We affirm.
 
 
 3
 * We do not decide whether Manross's in-court identification had an independent source and was sufficiently reliable, because we agree with the district court that any error in admitting it was harmless. For "trial-type" constitutional violations such as the erroneous admission of identification evidence, federal habeas relief is not warranted unless the error " 'had substantial and injurious effect or influence in determining the jury's verdict.' " Brecht v. Abrahamson, 113 S.Ct. 1710, 1722 (1993) (quoting Kotteakos v. United States, 328 U.S. 750, 776 (1946)).
 
 
 4
 Fierro's identity was not really an issue. He admitted on several occasions that he had been at the Moseley residence on the night in question; his defense was that someone else did the shooting. Manross did not testify that Fierro shot Moseley; she merely identified him as the man she saw on the porch. Moreover, Fierro admitted to Detective Marley that he fired a gun at Moseley. There was also a wealth of other evidence linking Fierro to the crime. Fierro's car matched the description given by Manross, and his license plate number differed by only a single letter. At the time of his arrest, Fierro was wearing tennis shoes of the same tread, pattern, and size as the shoe print found at the scene of the crime. Therefore, even if there were error in admitting Manross's in-court identification of Fierro, it could not have had a substantial and injurious effect on the jury's verdict.
 
 II
 
 5
 Fierro argues that the admission of prior bad acts evidence having to do with the burglary of the Vogt home less than half a mile from the Moseley ranch two nights before violated his due process rights because its only purpose was to show his propensity to commit crime.
 
 
 6
 On the night of the Vogt burglary, Fierro left his apartment and returned between 8:00 and 9:00 p.m. with a number of items later identified as the Vogts' property. Fierro told his girlfriend that he had bought the items from a man who was moving to Mexico. In addition, the Vogts' blue suitcase was found in the driveway of the Moseley residence after the burglary/shooting. A gun identified as belonging to Mr. Vogt was found in Fierro's possession at the time of his arrest. Fierro told the police that he had bought the Vogt property from a fence who ran a secondhand store in Chandler.
 
 
 7
 Assuming that the claim is exhausted and that a federal constitutional issue has been raised, there was sufficient evidence showing that Fierro had committed the Vogt burglary. Evidence of a prior bad act is sufficient "if the jury can reasonably conclude that the act occurred and that the defendant was the actor." Huddleston v. United States, 485 U.S. 681, 689 (1988); accord State v. Pereida, 825 P.2d 975, 978 (Ariz.Ct.App.1992). This standard was met, given that various items stolen from the Vogt home were found in Fierro's car, at his apartment, and in the driveway of the Moseley residence.
 
 
 8
 Fierro's argument that the evidence was irrelevant except to show his bad character also fails. The fact that Fierro had successfully burglarized another house in the same neighborhood two nights earlier tends to establish the motive for his admitted presence at the Moseley residence on the night in question. Moreover, the fact that the Vogts' blue suitcase was found in the driveway of the Moseley residence suggests that the same person committed both burglaries. Because there was a permissible inference to be drawn from this evidence, there was no due process violation. See Jammal v. Van de Kamp, 926 F.2d 918, 920 (9th Cir.1991) (defendant's due process rights are violated "[o]nly if there are no permissible inferences the jury may draw from the evidence").
 
 
 9
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3